KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph John Chapa, | No. CV 11-1729-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Jan Brewer, et al., | |
| Defendants. | |

Plaintiff Ralph John Chapa, who is confined in Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On October 5, 2011, the Court dismissed the Complaint and this action under the three strikes provision of 28 U.S.C. § 1915(g). The Court determined that Plaintiff's claims that his mental illness was exacerbated by lack of treatment in the Maricopa County Jail and by the Arizona State Hospital's delay in accepting Plaintiff for treatment did not demonstrate that Plaintiff was in imminent danger of serious physical injury.

On October 14, 2011, Plaintiff filed a Motion for Reconsideration (Doc. 9). On October 20, 2011, Plaintiff filed a Notice of Appeal (Doc. 13). Plaintiff argues that he has experienced increased thoughts of suicide in the Maricopa County Jail and is therefore in imminent danger of suffering serious injury.

"Motions to reconsider are appropriate only in rare circumstances." Defenders of

1  Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  "The purpose of a motion
2  for reconsideration is to correct manifest errors of law or fact or to present newly discovered
3  evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Such motions
4  should not be used for the purpose of asking a court "'to rethink what the court had already
5  thought through – rightly or wrongly.'"  Defenders of Wildlife, 909 F. Supp. at 1351
6  (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.
7  1983)).

8    The Court has reviewed the Complaint, the October 5th Order of dismissal, and
9  Plaintiff's Motion for Reconsideration.  The Court finds no basis to reconsider its decision.
10  See Pauline v. Mishner, 2009 WL 1505672, *2 (D. Hawaii 2009) (Plaintiff's allegation that
11  he would harm himself or others if not provided with specific mental health treatment at a
12  specific facility was not sufficient to find that Plaintiff was in imminent danger of serious
13  physical injury); Taylor v. Walker, 2007 WL 4365718, *2 (S.D. Ill. 2007) (a prisoner cannot
14  create the imminent danger so as to escape the three strikes provision of the PLRA).  The
15  Court will therefore deny Plaintiff's Motion for Reconsideration.

16    **IT IS ORDERED** that Plaintiff's October 14, 2011 Motion for Reconsideration
17  (Doc. 9) is **denied**.  The Clerk of Court must forward a copy of this order to the Ninth Circuit
18  Court of Appeals.

19    DATED this 22nd day of November, 2011.

_____
David G. Campbell
United States District Judge

- 2 -