KM

**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ralph John Chapa, | No. CV 11-1729-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Janice K. Brewer, et al., | |
| Defendants. | |

Plaintiff Ralph John Chapa, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In an October 5, 2011 Order, the Court denied the Application to Proceed and dismissed this action under the "three strikes" provision of 28 U.S.C. § 1915(g).  Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals.  On February 3, 2012, the Ninth Circuit issued an Order and Mandate finding that Plaintiff had made an allegation of imminent danger sufficient to proceed under the exception to the "three strikes" rule, reversing the dismissal, and remanding the case to this Court for further proceedings.

On January 20, 2012 Plaintiff filed a Motion to Appoint counsel.  On January 23, 2012, Plaintiff filed a Motion to Seal Records.  The Court will dismiss the Complaint with leave to amend and will deny the Motion to Appoint Counsel.  The Court will grant the Motion to Seal.

. . .

JDDL-K

1
2
3
4
5
6
7
8

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

9

**II.    Statutory Screening of Prisoner Complaints**

10
11
12
13
14
15

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

16
17
18
19
20
21

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

22
23
24
25
26
27
28

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

JDDL-K

1  allegations may be consistent with a constitutional claim, a court must assess whether there

2  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

3       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

4  must "continue to construe pro se filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

5  Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards

6  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

7  94 (2007) (per curiam)).

8       If the Court determines that a pleading could be cured by the allegation of other facts,

9  a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the

10  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court

11  should not, however, advise the litigant how to cure the defects.  This type of advice "would

12  undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

13  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

14  required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint

15  for failure to state a claim, but because the Complaint may possibly be saved by amendment,

16  will dismiss the Complaint with leave to amend.

17  **III.   Complaint**

18       Plaintiff names the following Defendants in the Complaint: Arizona Governor Jan

19  Brewer; Maricopa County Supervisors Fulton Brock, Don Stapley, Max W. Wilson, and

20  Mary Rose Wilcox; Director of Arizona State Hospital Ann Froio; Director of

21  ADBHS/DBHS; Director of Correctional Health Services; Bruce Kushner, Ph.D.; Luz

22  Mogrovejo, Ph.D.; Director of Maricopa County Competency Evaluation Program; and

23  Maricopa County Sheriff Joe Arpaio.

24       Plaintiff claims that his substantive and procedural due process rights are violated by

25  his continued confinement in the Maricopa County Jail.  Plaintiff states that he is seriously

26  mentally ill and should be placed in the Arizona State Hospital, rather than the county jail.

27  Plaintiff also appears to claim that he is not receiving adequate mental health treatment in the

28  jail.  However, the precise number and nature of Plaintiff's claims are unclear because

1   Plaintiff has not divided his Complaint into separate counts.  Plaintiff seeks injunctive relief
2   and money damages.

3   **IV.   Failure to State a Claim**

4         **A.   Defendant Brewer**

5         Under the Eleventh Amendment to the Constitution of the United States, a state or
6   state agency may not be sued in federal court without its consent.  <u>Pennhurst State School</u>
7   <u>and Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Taylor v. List</u>, 880 F.2d 1040, 1045
8   (9th Cir. 1989).  With respect to Defendant Brewer, "the Eleventh Amendment does not bar
9   actions against state officers in their official capacities if the plaintiffs seek only a declaratory
10   judgment or injunctive relief."  <u>Chaloux v. Killeen</u>, 886 F.2d 247, 252 (9th Cir. 1989);
11   <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1350 (9th Cir. 1982); <u>see</u> <u>Ex parte Young</u>, 209 U.S.
12   123, 155-56 (1908); <u>Los Angeles Branch NAACP v. Los Angeles Unified School Dist.</u>, 714
13   F.2d 946, 953 (9th Cir. 1983).  Plaintiff's claim for money damages is improper as to
14   Defendant Brewer.

15         With respect to injunctive relief, "[i]n making an officer of the state a party defendant
16   in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such
17   officer must have some connection with the enforcement of the act, or else it is merely
18   making him a party as a representative of the state, and thereby attempting to make the state
19   a party."  <u>Ex parte Young</u>, 209 U.S. at 157.  Plaintiff makes no allegations regarding
20   Defendant Brewer.  Defendant Brewer is an improper Defendant and will be dismissed.

21         **B.   Maricopa County Supervisors**

22         The Maricopa County Board of Supervisors and the individual members of that Board
23   are not proper Defendants and must be dismissed.  Local government bodies, such as Arizona
24   counties, are persons under § 1983 and may be sued for constitutional injuries.  Liability may
25   be imposed on the county if a plaintiff establishes that his injuries were inflicted pursuant to
26   an official county policy or custom.  <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443
27   (9th Cir. 1989) (citations omitted).  Official county policy may only be set by an official with
28   "final policymaking authority."  <u>Id.</u> (citing <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469,

481-83 (1986) (plurality opinion)).  To identify those officials with "final policymaking authority," the Court looks to state law.  Id. (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 126 (1988) (plurality opinion) (quotations omitted)).

In Arizona, the responsibility of operating jails is placed by law upon the Sheriff, not on the county's Board of Supervisors.  See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101.  Therefore, the Board of Supervisors is not liable to Plaintiff under § 1983 because it lacks authority to establish an official policy with respect to the operation of the jail.  Further, the Board cannot be held liable for the actions of the Sheriff or his deputies on a theory of *respondeat superior* liability.  See Thompson, 885 F.2d at 1443.  Accordingly, the Court will dismiss Defendants Brock, Stapley, Wilson, and Wilcox.

**C.    Defendants Director of Arizona State Hospital, Director of ADBHS/DBHS, Director of Maricopa County Competency Evaluation Program, Director of Correctional Health Services, and Arpaio**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights therefore does not impose liability.  Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendants Director of Arizona State Hospital, Director of ADBHS/DBHS, Director of Maricopa County Competency Evaluation Program, Director of Correctional Health Services, or Arpaio personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  Plaintiff has therefore failed to state a claim against these Defendants.

1

   **D.   Defendants Kushner and Mogrovejo**

2        Plaintiff has failed to make any allegations against Defendants Kushner or Mogrovejo.

3   Plaintiff has therefore failed to state a claim against these Defendants.

4

   **E.   Medical Claims**

5        Not every claim by a prisoner relating to inadequate medical treatment states a

6   violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

7   plaintiff must show that the defendants acted with "deliberate indifference to serious medical

8   needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

9   U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating

10   that failure to treat the condition could result in further significant injury or the unnecessary

11   and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

12   Jett, 439 F.3d at 1096 (quotations omitted).

13        "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

14   1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

15   of and disregard an excessive risk to inmate health; "the official must both be aware of facts

16   from which the inference could be drawn that a substantial risk of serious harm exists, and

17   he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

18   indifference in the medical context may be shown by a purposeful act or failure to respond

19   to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439

20   F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally

21   denies, delays, or interferes with medical treatment or by the way prison doctors respond to

22   the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

23        Plaintiff has failed to allege facts demonstrating that any of the named Defendants

24   were deliberately indifferent to his serious medical needs.

25   **V.   Leave to Amend**

26        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

27   a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

28   amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  See Rizzo, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Motions**

On January 20, 2011, Plaintiff filed a Motion for Appointment of Counsel.  There is no constitutional right to the appointment of counsel in a civil case.  See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in

*forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  <u>Id.</u>  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case.  Plaintiff has reasonably articulated his claims and has demonstrated the ability to effectively navigate both the pleading stage of his civil case and an appeal to the Ninth Circuit Court of Appeals.  The Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

On January 23, 2012, Plaintiff filed a Motion to Seal Records.  Plaintiff states that on September 15, 2011, he filed a Motion for Appointment of Counsel to which he attached confidential psychological medical reports in support of the Motion.  Plaintiff contends that the reports should not be public and asks that the Court seal the document.  The Court will grant Plaintiff's Motion and direct the Clerk of Court to seal Plaintiff's Motion, filed on the Court's docket at document 6.

**VII.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule

83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment <i>in forma pauperis</i> under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed <i>In Forma Pauperis</i> (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with

1    this Order.

2         (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

3    Court must, without further notice, enter a judgment of dismissal of this action with prejudice

4    that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

5         (5)    Plaintiff's Motion for Appointment of Counsel (Doc. 17) is **denied without**

6    **prejudice**.

7         (6)    Plaintiff's Motion to Seal Records (Doc. 18) is **granted**; the Clerk of Court

8    **must seal** Document 6.

9         (7)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

10   rights complaint by a prisoner.

11        DATED this 22nd day of February, 2012.

12

13

14   _____

15                David G. Campbell
                 United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>**OR**</td><td>Tucson Division:</td></tr>
<tr><td>U.S. District Court Clerk</td><td></td><td>U.S. District Court Clerk</td></tr>
<tr><td>U.S. Courthouse, Suite 130</td><td></td><td>U.S. Courthouse, Suite 1500</td></tr>
<tr><td>401 West Washington Street, SPC 10</td><td></td><td>405 West Congress Street</td></tr>
<tr><td>Phoenix, Arizona  85003-2119</td><td></td><td>Tucson, Arizona  85701-5010</td></tr>
</table>

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>      Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

 1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

 2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

 3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

 1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

 2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

 3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

 You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

 You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,       )
                                         )
(Full Name of Plaintiff)      Plaintiff, )
                                         )
                    vs.                  )   **CASE NO.** _____
                                         )        (To be supplied by the Clerk)
(1) _____ ,   )
(Full Name of Defendant)                 )
(2) _____ ,   )
                                         )        **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )        **BY A PRISONER**
                                         )
(4) _____ ,   )   ☐ Original Complaint
            Defendant(s).                )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____.

2. Institution/city where violation occurred: _____.

Revised 3/9/07                          1                          **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span style="margin-left:2em">(Position and Title)</span>                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span style="margin-left:2em">(Position and Title)</span>                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span style="margin-left:2em">(Position and Title)</span>                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span style="margin-left:2em">(Position and Title)</span>                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                   ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?         ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                            DATE                                                            SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.